## LACKEY v. VICKERY et al.
### No. 1770.

District Court, W. D. Missouri, W. D.

Sept. 11, 1944.

J. John Gillis and M. A. O'Donnell, both of Kansas City, Mo., for plaintiff.

James P. Kem and J. R. Kaspar, both of Kansas City, Mo., for defendants.

REEVES, District Judge.

The non-resident corporate defendant removed this cause from the state court upon the ground of a separable controversy. According to the averments of the complaint the local defendant acted as attorney for the non-resident defendant. The plaintiff bases his cause upon an act of said attorney in his professional capacity. The complaint is designated as "Petition to Remove Cloud from Real Estate and for Damages."

It is charged that the corporate defendant obtained a judgment against the plaintiff for a specified sum of money. Such judgment was obtained before a justice of the peace in a state court. To secure the benefit of the lien law a transcript of the judgment was filed in the Office of the Clerk of the Circuit Court of Jackson County, Missouri. Under the law it was necessary for the local defendant, as counsel, to revive the judgment to maintain a lien on the plaintiff's real estate.

It is contended by the plaintiff that he paid the judgment in full but that, notwithstanding that, the corporate defendant, acting through its counsel, refused to satisfy the record.

1. There is no contention that the local defendant had any interest in the judgment. The suit, therefore, to clear title was one wholly between the plaintiff and the non-resident defendant. This would constitute a separable controversy.

2. It is only in exceptional cases where attorneys are liable to third parties for their professional acts. The rule is expressed in 7 C.J.S. Attorney and Client, § 52, subsec. b, p. 834, to the effect that an attorney is liable to a third party "where the attorney has been guilty of fraud or collusion, or of a malicious or tortious act; * * *."

While the complaint avers that the local defendant acted maliciously, there are no facts justifying that averment. This is a mere conclusion of the pleader. On the contrary, the averments would indicate that the local defendant acted regularly in his professional capacity.

3. There is another reason why this court should retain jurisdiction. The petition seeks both actual and punitive damages in the sum of $5,000. The rule is that corporations cannot be held for punitive damages save only in those cases where the act of the agent was authorized or ratified. There is no such averment in this complaint. See 19 C.J.S., Corporations, § 1286, p. 964; also Gardella v. Log Cabin Products Co., 2 Cir., 89 F.2d 891, loc. cit. 895, where the court said that in order to assess damages against a corporation "the act of its agent must be in some way authorized or ratified."

In view of the above, the motion to remand should be overruled, and it will be so ordered.